IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PAUL MORIARTY,<br><br>             Plaintiff,<br><br>    v.<br><br>CLASSIC AUTO GROUP, INC.,<br>et al.,<br><br>             Defendants. | HONORABLE JEROME B. SIMANDLE<br><br><br>Civil Action<br>No. 13-5222 (JBS/AMD)<br><br><br>**OPINION** |

APPEARANCES:

John C. Eastlack, Jr., Esq.
WEIR & PARTNERS LLP
Liberty View Building
457 Haddonfield Road, Suite 310
Cherry Hill, NJ 08002
        Attorney for Plaintiff

James Bucci, Esq.
GENOVA BURNS BIANTOMASI WEBSTER LLC
2 Riverside Drive, Suite 502
Camden, NJ 08103
        Attorney for Defendants


**SIMANDLE, Chief Judge:**

**I.    INTRODUCTION**

      Before the Court is a partial motion to dismiss by

Defendants Ernest Calvello, John La Sala,[1] Classic Auto Group,

Inc., and Penske Automotive Group, Inc. [Docket Item 5.]

Plaintiff Paul Moriarty alleges that Mr. Calvello and Mr. La

_____

[1] Parties spell Mr. La Sala's name three different ways in the
papers. The Court will use Defendant's own spelling.

Sala defamed him when they stated to law enforcement, and other
individuals, that Plaintiff was "smashed" or otherwise
intoxicated when he visited a car dealership. Defendants seek
dismissal of the defamation and slander per se claims against
Mr. Calvello and Mr. La Sala, as well as dismissal of the
vicarious liability claim against the corporate Defendants, to
the extent that liability was premised on defamation or slander
per se.

Because the Complaint does not contain sufficient factual
content to permit a reasonable jury to infer Defendants acted
with actual malice, the defamation claims will be dismissed
without prejudice. Because the alleged defamatory statements do
not fall within one of four recognized categories that comprise
slander per se, the slander per se counts will be dismissed with
prejudice. The vicarious liability claim is dismissed in part
without prejudice and in part with prejudice, to the extent it
is based on tort claims dismissed herein.

**II.   BACKGROUND**

The facts of this case are drawn from the Complaint and,
for the purposes of this motion are accepted as true. On July
31, 2012, Plaintiff Paul Moriarty visited Turnersville Nissan, a
car dealership in Turnersville, N.J., operated by Defendant
Classic Auto Group, Inc., because the lease on his car was
ending. (Compl. [Docket Item 1-2] at 2, 3.) Plaintiff is a New

2

Jersey State Assemblyman -- a fact that is not pleaded in the Complaint but upon which all parties rely in their motion papers.[2]

At the dealership, Plaintiff interacted with several employees, including Defendants Ernest Calvello and John La Sala. (Id. at 3.) Plaintiff alleges that Mr. La Sala stated to Mr. Calvello, among others, that Plaintiff was "'smashed' and/or otherwise utilized words that described Plaintiff as intoxicated, drunk and/or inebriated by way of alcoholic beverages." (Id. at 3.) According to Plaintiff, La Sala directed Calvello to repeat the assertion to others, and Calvello did so. (Id. at 4-5.) Plaintiff alleges that the two men knew these statements were false and made them out of malice. (Id.)

Plaintiff further alleges that Mr. Calvello and Mr. La Sala called the police to say that Plaintiff was driving under the influence or otherwise "acting in a manner which caused . . . alarm and discomfort so as to require police involvement . . . ." (Id. at 7-8, 11-13.) As a result, Plaintiff alleges he was "falsely stopped, seized and arrested by law enforcement authorities, without reasonable or probable cause." (Id. at 12-13.) Plaintiff asserts the charges against him "were favorably terminated on May 13, 2013." (Id. at 16.)

---

[2] See Pl. Opp'n [Docket Item 6] at 5, 9; Def. Mot. Br. at 11.

3

Plaintiff filed suit in the Superior Court of New Jersey, Gloucester County, alleging defamation against Mr. La Sala, Mr. Calvello, and unnamed individuals (Counts One, Two, and Three, respectively); slander per se (Counts Four, Five, and Six); false light (Count Seven); intentional or negligent infliction of emotional distress (Counts Eight, Nine and Ten); aiding and abetting the violation of Plaintiff's state and federal constitutional rights to be free of illegal seizure, unlawful arrest, and malicious prosecution (Counts Eleven, Twelve); negligence (Counts Thirteen and Fifteen); and vicarious liability against the corporate Defendants (Count Fourteen).

Defendants removed the case to this Court pursuant to 28 U.S.C. § 1441 because the Complaint alleges violations of the federal constitution, and soon thereafter filed this partial motion to dismiss. This Court has jurisdiction over the federal constitutional claims pursuant to 28 U.S.C. § 1343, and pendent jurisdiction over the related state-law claims pursuant to 28 U.S.C. § 1367.

**III. STANDARD OF REVIEW**

Under Fed. R. Civ. P. 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." <u>Fleisher v. Standard Ins. Co.</u>, 679 F.3d

4

116, 120 (3d Cir. 2012). The complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Allegations that are no more than legal conclusions are not entitled to the same assumption of truth. Bistrian v. Levi, 696 F.3d 352, 365 (3d Cir. 2012). To determine if a complaint meets the pleading standard, the Court must strip away conclusory statements and "look for well-pled factual allegations, assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." Id. (internal quotation marks omitted).

## IV.  DISCUSSION

Defendants seek dismissal of five of the 15 claims against them. Defendants argue that the defamation counts (Counts One and Two) must be dismissed because the Complaint lacks sufficient factual content from which it can be inferred that Defendants acted with malice, and because statements about Plaintiff's alleged intoxication are opinions deserving of absolute protection. Defendants argue that the slander per se counts (Counts Four and Five) must be dismissed because Plaintiffs have not alleged that the statements at issue fall

within one of the four recognized categories of slander per se.
Finally, Defendants argue that the vicarious liability claim
(Count Fourteen) must be dismissed if the underlying defamation
and slander per se claims drop out.

   **A. Defamation (Counts One and Two)**

      **1. Defamation law in New Jersey**

   In New Jersey, the cause of action of defamation is
composed of three elements: "'(1) the assertion of a false and
defamatory statement concerning another; (2) the unprivileged
publication of that statement to a third party; and (3) fault
amounting at least to negligence by the publisher.'" Leang v.
Jersey City Bd. of Educ., 198 N.J. 557, 585 (2009) (quoting
DeAngelis v. Hill, 180 N.J. 1, 13 (2004)).

   "A defamatory statement, generally, is one that subjects an
individual to contempt or ridicule, one that harms a person's
reputation by lowering the community's estimation of him or by
deterring others from wanting to associate or deal with him."
Durando v. Nutley Sun, 209 N.J. 235, 248-49 (2012). To determine
whether a statement is defamatory, the court considers "'(1) the
content, (2) the verifiability, and (3) the context of the
challenged statement.'" Leang, 198 N.J. at 585. To evaluate a
statement's content, the "court must consider 'the fair and
natural meaning that will be given to the statement by
reasonable persons of ordinary intelligence.'" Id. To evaluate

6

verifiability, the "court must 'determine whether the statement is one of fact or opinion.'" Id. Opinion statements generally are accorded absolute immunity, id., but may trigger liability if "they imply false underlying objective facts."[3] Lynch v. N.J. Educ. Ass'n, 161 N.J. 152, 167 (1999). Courts must also consider "'the listener's reasonable interpretation, which will be based in part on the context in which the statement appears." Leang, 198 N.J. at 585 (quoting DeAngelis, 180 N.J. at 15). Statements are defamatory on their face if the words "'subject a person to ridicule or contempt'" or "'clearly sound to the disreputation of an individual . . . .'" Id.

Where the allegedly defamatory statement concerns a public figure, New Jersey courts require proof of "actual malice," W.J.A. v. D.A., 210 N.J. 229, 244 (2012) (quoting Senna v. Florimont, 196 N.J. 469, 496-97 (2008)), meaning that the speaker "knew the statement to be false or acted in reckless disregard of its truth or falsity." Durando, 209 N.J. at 251. At the pleading stage, a plaintiff alleging defamation with actual

---

[3] There are two types of opinion statements. "A pure opinion is 'one that is based on stated facts or facts that are known to the parties or assumed by them to exist'; a 'mixed opinion' is one 'not based on facts that are stated or assumed by the parties to exist.'" Lynch, 161 N.J. at 168 (citations omitted). "To declare, without an indication of the basis for the conclusion, that a person is utterly devoid of moral principles may be found to imply the assertion that he has been guilty of conduct that would justify the reaching of that conclusion." Restatement (Second) of Torts § 566 cmt. b.

malice must plead facts from which malice might reasonably be inferred. See Iqbal, 556 U.S. at 678; Harris v. Zyskowski, No. 12-7191, 2013 WL 6669186, at *6 (D.N.J. Dec. 18, 2013) (dismissing a claim with an actual malice standard because "there are no facts from which 'malice' could be inferred"); Mu Sigma, Inc. v. Affine, Inc., No. 12-1323, 2013 WL 3772724, at *4 (D.N.J. July 17, 2013) (holding that, in the context of a claim for tortious interference with prospective economic advantage, the plaintiff must allege facts supporting a reasonable inference of actual malice, and a "bare recital of the element is clearly insufficient to state a claim under Iqbal's guidance"); Earley v. Gatehouse Media Pa. Holdings, Inc., No. 12-1886, 2013 WL 5466149, at *6 (M.D. Pa. Sept. 30, 2013) ("to properly allege a plausible malice claim, the plaintiff must still lay out enough facts from which malice might reasonably be inferred") (citing Schatz v. Republican State Leadership Comm., 669 F.3d 50, 58 (1st Cir. 2010)).

### 2. Analysis

The parties agree that Plaintiff is a public figure and the actual malice standard applies. (Def. Mot. Br. at 11; Pl. Opp'n at 6.)

Defendants argue that the Counts One and Two should be dismissed because the Complaint "contains absolutely zero factual allegations suggesting any basis for Plaintiff's

conclusion that the allegedly defamatory statements were made with any amount of malice." (Def. Mot. Br. at 13.) Plaintiff responds that whether Defendants knew, or should have known, that their statements were false "can only be discerned through discovery." (Pl. Opp'n at 6.) In addition, Plaintiff argues that the fact that police charges were filed and dismissed permits the inference that Defendants acted with malice. (Id. at 7.) "It is not plausible for charges against Plaintiff to have been dismissed if in fact he had been 'smashed' as reported by Defendants." (Id.)

The Court will dismiss Counts One and Two without prejudice for failing to state a plausible claim under Rule 12(b)(6). As noted above, at the pleading stage, Plaintiff must allege facts from which it may be reasonably inferred that Defendants acted with actual malice. Plaintiff's Complaint, for the most part, contains only legal conclusions. The primary facts that can be gleaned from Complaint are as follows: Plaintiff visited the car dealership, Defendants told police and others that Plaintiff was drunk, Plaintiff was arrested, and charges against him were dismissed. It may not be reasonably inferred from these facts that Mr. Calvello or Mr. La Sala acted with knowledge of the falsity of their words, or in reckless disregard of their truth or falsity.

The fact that police charges were filed and dismissed
cannot permit an inference of actual malice on the part of the
moving Defendants. Because the police or other government
officials were responsible for arresting Plaintiff and
dismissing charges against him, these facts have no bearing on
whether Mr. Calvello or Mr. La Sala knew their statements to be
false at the time they communicated them to the police or
others. Certainly the fact that Plaintiff was arrested does not
permit the inference that Defendants' statements were knowingly
or recklessly false -- it reasonably implies the opposite -- and
charges may be dismissed for any number of reasons. Although
Plaintiff is entitled to all reasonable inferences drawn from
the pleaded facts at this stage, Plaintiff's extended
inferential chain -- that the charges were dismissed because
they were baseless, and because the charges were baseless the
Defendants knew Plaintiff was not drunk -- is too attenuated and
need not be credited.

At the same time, the statements by Mr. Calvello and Mr. La
Sala are not the kind of opinions that are absolutely protected
by law, because they allegedly "imply false underlying objective
facts." Lynch, 161 N.J. at 167. Defendants attempt to
characterize their statements as "hyperbolic," and analogize the
present dispute to name-calling in a loose, figurative sense,

such as "I think he's crazy" or "you all are both nuts."[4] (Def. Mot. Br. at 15-16, citing <u>Pease v. Int'l Union of Operating Eng'rs Local 150</u>, 567 N.E.2d 614 (Ill. App. Ct. 1991), and <u>McGowen v. Prentice</u>, 341 So.2d 55 (La. Ct. App. 1976).) But accusing Plaintiff of being intoxicated at a car dealership, implying that he operated a vehicle under the influence of alcohol -- and communicating those allegations in a manner that triggered police action -- is not the same as expressing a pure, hyperbolic opinion incapable of verification. Intoxication is a verifiable state, and the implied fact that Plaintiff drove while under the influence of alcohol is a factual statement capable of proof or disproof. These specific, factual assertions could justifiably carry a stigma that reflects on a person's judgment or self-control, and therefore are capable of a defamatory meaning.

Dismissal of Counts One and Two will be without prejudice, and Plaintiff will be granted an opportunity to file an Amended Complaint with additional facts that could support an inference of actual malice. Contrary to Plaintiff's contention that malice

---

[4] Defendants also argue that <u>Bonanni v. Hearst Commc'ns, Inc.</u>, 58 A.D.3d 1091 (N.Y. App. Div. 2009), supports their position. But in that case the defendant was a columnist who referenced allegations or charges against a plaintiff for showing up to work drunk, and the statements were "included not to convince the reader of plaintiff's guilt, but to urge the police union to pursue a particular course of action in defending alcohol-related charges." <u>Bonanni</u>, 58 A.D.3d at 1093. <u>Bonanni</u> is factually inapposite to this case.

may only be revealed through discovery, additional pleading about Plaintiff's behavior and interactions or history with Defendants, for example, as well as the circumstances of his traffic stop, arrest and the dismissal of charges, could support or further negate an inference of actual malice.

**B. Slander per se**

Statements may be defamatory as a matter of law if they impute to another person: "'(1) a criminal offense; (2) a loathsome disease; (3) conduct, characteristics or a condition that is incompatible with his business, trade or office; or (4) serious sexual misconduct.'" NuWave Inv. Corp. v. Hyman Beck & Co., Inc., 432 N.J. Super. 539, 554 (App. Div. 2013) (quoting Biondi v. Nassimos, 300 N.J. Super. 148, 154 (App. Div. 1997). If a statement falls into one of these four categories, the plaintiff may establish a cause of action without proving any form of actual damage to his reputation. Id.

New Jersey courts have acknowledged criticism of slander per se,[5] but the New Jersey Supreme Court has stated that the doctrine "retains vitality, including, in particular, as it relates to the false imputation of a criminal act." Salzano v. North Jersey Media Grp. Inc., 201 N.J. 500, 541 (2010). New

---

[5] See McLaughlin v. Rosanio, Bailets & Talamo, Inc., 331 N.J. Super. 303, 320 (App. Div. 2000) ("We are of the view that slander per se is on its last legs in New Jersey, and may no longer be a viable jurisprudential basis for awarding damages when there is no demonstrable harm.").

Jersey courts generally are cautious to invoke the presumption
of damages inherent in slander per se unless the doctrine
"clearly applies" to the statements at issue. See McLaughlin,
331 N.J. Super. at 321 ("slander per se should be used 'only in
cases where it clearly applies'") (quoting Biondi, 300 N.J.
Super. at 156).

Defendants seek dismissal of Counts Four and Five because
"Plaintiff does not identify any actual statement made by the
Individual Defendants regarding the commission of a crime."
(Def. Mot. Br. at 18.) It is true that a "DUI violation is
neither a crime nor an offense under the [New Jersey] Criminal
Code." State v. Gibson, 429 N.J. Super. 456, 463 (App. Div.
2013). However, Plaintiff argues that the statements fit into
the third category of slander per se because driving while
intoxicated "is conduct incompatible with the Plaintiff's status
as a State Assemblyman." (Pl. Opp'n at 9.) Defendants accurately
reply that Plaintiff's status as an Assemblyman is nowhere
referenced in the Complaint. (Def. Reply at 9.) Defendants
further argue that a single instance of driving under the
influence "has nothing to do with Plaintiff's ability to perform
his job as Assemblyman." (Id.)

The Court will dismiss Counts Four and Five, because the
Complaint provides no basis for finding that the statements
concern conduct incompatible with Plaintiff's office. Indeed,

13

the Complaint does not state that Plaintiff is an Assemblyman nor does it more generally describe his profession, trade, business or office. The question remaining for the Court is whether dismissal should be without prejudice and permit Plaintiff to amend the claims, or whether no conceivable amendment could state a claim for slander per se. For the reasons stated below, the Court will dismiss Counts Four and Five with prejudice.

To constitute slander per se, a statement describing conduct or a condition incompatible with the plaintiff's business, trade, profession or office must

> be of such a character as to disparage the plaintiff in pursuit of his business, trade, profession, or office, or tend to harm him in it. [Restatement (Second) of Torts § 573 (1977).] The words must affect the plaintiff in a way that is particularly harmful to one engaged in his trade. Disparagement of a general character, which is equally discreditable to all persons, is not enough. Id., comment (e) at 194.

Ricciardi v. Weber, 350 N.J. Super 453, 477 (App. Div. 2002), abrogated on other grounds by Salzano, 201 N.J. at 500.

Here, the statements that Plaintiff was "smashed," implying that he drove under the influence of alcohol, may reflect generally on Plaintiff's character, but that reflection has nothing to do with Plaintiff's occupation as a State Assemblyman. Disparagement of this kind is "equally discreditable to all persons . . . ." Id. The alleged slanderous

14

statements do not concern Plaintiff's fitness for office. Basically, these Defendants were saying that Mr. Moriarty was acting intoxicated, not that he was generally a drunkard. Defendants do not assert, for instance, that Plaintiff does not meet the eligibility requirements of an Assemblyman, or that he has failed to record a single vote as a representative, or that he systematically ignores requests from his constituents; such statements would be harmful to someone in Plaintiff's profession. Plaintiff has provided no authority in support of his argument that a statement implying that a public official is guilty of a motor vehicle offense constitutes slander per se, and the Court can find no New Jersey case that so holds.

While Plaintiff's conduct may be scrutinized more closely than that of the average citizen because he is a public figure, an allegation that he once drove while intoxicated is not incompatible with his ability to perform the duties of public office any more than an allegation that he texted from a handheld device while driving, or exceeded the speed limit by 30 miles per hour, or tailgated -- all of which are potentially dangerous motor vehicle offenses in New Jersey. See N.J.S.A. §§ 39:4-97.3 (texting), 39:4-98 (speeding), 39:4-89 (tailgating). These kinds of statements may reflect on Plaintiff generally, but they are not particularly harmful to someone engaged in Plaintiff's profession, particularly.

Therefore, Plaintiff's claim alleging he can recover damages for defamation without showing proof of injury cannot stand, and amendment would be futile. The Court will dismiss Counts Four and Five with prejudice.

### C. Vicarious liability

Defendants argue that because the defamation and slander per se claims must be dismissed against Mr. Calvello and Mr. La Sala, "to the extent the vicarious liability claim pertains to the alleged defamation and slander per se claims, it must also be dismissed as to the Penske Defendants." (Def. Mot. Br. at 18.) Plaintiff offers no argument in favor of vicarious liability for an employer if the underlying tort claims have been dismissed. Accordingly, the Court will dismiss Count Fourteen in part without prejudice, insofar as Count Fourteen is based on underlying torts alleged in Counts One or Two, and Count Fourteen is dismissed in part with prejudice insofar as it is based on Counts Four or Five. See Metz v. United Counties Bancorp, 61 F. Supp. 2d 364, 385 (D.N.J. 1999) (dismissing a New Jersey state law claim for respondeat superior liability when the underlying claim has been dismissed). To be clear, nothing in this Opinion passes judgment on the viability of Count Fourteen to the extent it is predicated on any of the ten other counts in the Complaint that are not the subject of this motion

16

to dismiss. Count Fourteen remains viable at this stage to the extent it is based on torts other than those dismissed herein.

## V.     CONCLUSION

Counts One and Two are dismissed without prejudice. Counts Four and Five are dismissed with prejudice. Count Fourteen is dismissed in part without prejudice to the extent it is based on the tort claims in Counts One or Two, and Count Fourteen is dismissed in part with prejudice to the extent it is based on Counts Four or Five. Plaintiff will have fourteen (14) days from the entry of this Opinion and Order to file an Amended Complaint curing the deficiencies noted herein with respect only to Counts One, Two and Fourteen to the extent it is predicated on Counts One or Two. An accompanying Order will be entered.

**March 5, 2014**                              **s/ Jerome B. Simandle**
Date                                            JEROME B. SIMANDLE
                                                Chief U.S. District Judge

17